UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| WILLIAM JODY BYRD, | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 7:19-cv-00199-MHH-HNJ |
| WARDEN LEON BOLLING, et al, | ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

Petitioner William Jody Byrd, through counsel, filed a 28 U.S.C. § 2254 petition for writ of habeas corpus, asserting that he received ineffective assistance of trial and appellate counsel in connection with his state court conviction for murder. (Doc. 1). The Magistrate Judge filed a report in which he recommended that the Court deny Mr. Byrd's § 2254 petition. (Doc. 15). Mr. Byrd filed timely objections to the report and recommendation. (Doc. 16). After *de novo* review of the state court record, the affidavits Mr. Byrd submitted, and the report and recommendation, the Court overrules Mr. Byrd's objections.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to

1

which objection is made." 28 U.S.C. § 636(b)(1).  A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)).  *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

I.  **Procedurally Defaulted Claims**

    A.  **Claims 1-2, 3(a)(1-2, 4-5,7-9), 4-7, and 18-21**

Mr. Byrd contends that he exhausted habeas claims 1-2, 3(a)(1-2,4-5,7-9), 4-7, and 18-21 because Rule 39(a)(1)(D) of the Alabama Rules of Appellate Procedure required him to argue in his writ of certiorari to the Alabama Supreme Court only that the Alabama Court of Criminal Appeals' decision with respect to those claims conflicted with United States Supreme Court precedent, and he complied with that requirement by citing *Strickland v. Washington,* 446 U.S. 668 (1984), and *United States v. Cronic*, 466 U.S. 648 (1984), and attaching copies of the ACCA's opinion and his application for rehearing to his certiorari petition.  (Doc. 16, p. 11).

Rule 39 requires more from a defendant who challenges his criminal conviction in the Alabama Supreme Court.  Under Rule 39(a)(1)(D)(2), Mr. Byrd had to "state, with particularity, how the [ACCA's] decision conflicts with a prior

decision" of the United States Supreme Court or an Alabama appellate court. Ala. R. App. P. 39(a)(1)(D)(2). In addition, exhaustion for federal habeas purposes requires a state criminal defendant to "present the state courts with the same claim he urges upon the federal courts," *Picard v. Connor*, 404 U.S. 270, 276 (1971), so that a federal district court may "'apply controlling legal principles to the facts bearing upon his constitutional claim,'" *Kelley v. Sec'y for Dep't of Corr*., 377 F.3d 1317, 1344 (11th Cir. 2004) (quoting *Picard,* 404 U.S. at 277) (alteration omitted). Mr. Byrd did not fully and with particularity present the factual and legal basis for habeas claims 1-2, 3(a)(1-2,4-5,7-9), 4-7, and 18-21 to the Alabama Supreme Court. (Doc. 8-6). Therefore, this Court overrules Mr. Byrd's objections and finds that habeas claims 1-2, 3(a)(1-2,4-5,7-9), 4-7, and 18-21 are unexhausted and procedurally defaulted.[1]

### B.   Claim 22

In Claim 22, Mr. Byrd sserts that his trial attorney failed to object to the trial court's confusing, misleading, and inaccurate instruction regarding circumstantial evidence. (Doc. 1 at 25). On collateral appeal, the ACCA found that "the trial court

---

[1] Mr. Byrd argues that the 15-page limit for certiorari petitions under Rule 39(d) of the Alabama Rules of Appellate Procedure impeded his ability to assert with particularity each of his attorneys' errors. (Doc. 16, p. 9). But Mr. Byrd could have requested additional pages for his petition for writ of certiorari under Rule 2(b) of the Alabama Rules of Appellate Procedure. Absent a request for relief from the Alabama Supreme Court, Mr. Byrd may not complain here that Alabama's Rules of Appellate Procedure constrained his ability to adequately plead his case for purposes of federal review.

properly instructed the jury on circumstantial evidence prior to deliberations and jurors are presumed to follow the trial court's instructions." (Doc. 8-4, p. 10) (citing *Brooks v. State*, 973 So. 2d 380, 409 (Ala. Crim. App. 2007)). The ACCA also found that Mr. Byrd waived this ineffectiveness claim because he cited no legal authority to support the claim in his brief on appeal as required by Rule 28(a)(10) of the Alabama Rules of Appellate Procedure. (Doc. 8-4, p. 19). The Magistrate Judge stated that the Court of Appeals did not arbitrarily apply Rule 28(a)(10) because Mr. Byrd did not provide authority for the claim either in regard to the circumstantial evidence instruction or the instructions given by the trial court as a whole. (Doc. 15, p. 42).

In his objections, Mr. Byrd argues that he cited *Carter v. State*, 889 So. 2d 528 (Ala. 2004), for the proposition that, in Alabama, "a specific jury instruction on circumstantial evidence is not required where there is a proper instruction on proof beyond a reasonable doubt." (Doc. 16, pp. 28-31).[2] Mr. Byrd states that he argued in a "Rule 32 petition on appeal" that the confusing instruction could not "reasonably withstand the objective inquiry of reasonableness under *Chandler v. U.S.*, 218 F.3d 1305 (11th Cir. 2000) (en banc)." (Doc. 16, pp. 4-5). The Court overrules Mr. Byrd's objection because Mr. Byrd has not addressed the ACCA's finding that the

---

[2] Neither party submitted Mr. Byrd's appellate brief on collateral appeal as part of the habeas record.

trial court's circumstantial evidence instruction was proper. An attorney cannot be faulted for failing to object to a proper instruction.[3]

## II.     Claims Subject to § 2254(d) Review

With respect to the merits of his remaining habeas claims, Mr. Byrd argues generally that the Magistrate Judge's description of the trial evidence is incomplete because the Magistrate Judge omitted from his report lapses in evidence that would cause jurors to doubt Mr. Byrd's motive for harming his wife, such as the absence

---

[3] The ACCA's holding that the trial court's circumstantial evidence instruction is proper under Alabama law is a state law ground for decision "independent of the federal question and adequate to support the judgment." *Cone v. Bell*, 556 U.S. 449, 4656 (2009).

The language that Mr. Byrd singles out and criticizes in the circumstantial evidence charge is difficult to follow, (Doc. 8-11, p. 82, lines 13-24), but, under Alabama law, a court cannot consider the language in isolation. "When reviewing a trial court's instructions, the court's charge must be taken as a whole, and the portions challenged are not to be isolated therefrom or taken out of context, but rather considered together." *Lam Luong v. State*, 199 So. 3d 173, 198 (Ala. Civ. App. 2015) (quoting *Williams v. State*, 795 So. 2d 753, 780 (Ala. Civ. App. 1999)) (internal marks omitted). The instruction that immediately precedes the language that Mr. Byrd challenges properly describes the difference between direct and circumstantial evidence, (Doc. 8-11, p. 81, lines 22-25 and p. 82, lines 1-12), and proper, lengthy instructions concerning presumption of innocence and reasonable doubt appear shortly before the trial court's discussion of circumstantial evidence, (Doc. 8-11, pp. 78-80). Consequently, the excerpt that Mr. Byrd challenges appears in the context of related, proper instructions.

Mr. Byrd fairly points out that the entire case against him was based on circumstantial evidence, and the language that he challenges in the instruction explains to jurors how to weigh circumstantial evidence. The Alabama Court of Criminal Appeals has held that an instruction regarding circumstantial evidence is incomplete if the instruction does not include an instruction "on the degree of proof necessary to sustain a conviction based on circumstantial evidence." *Ephraim v. State*, 627 So. 2d 1102, 1106 (Ala. Civ. App. 1993); *see also Lam Luong*, 199 So. 3d at 204, n. 9. Therefore, the language that Mr. Byrd challenges is very important. The instruction weaves together circumstantial evidence language that the Alabama Court of Criminal Appeals approved in *Lam Luong*, including language from the Alabama pattern jury instruction (criminal) regarding circumstantial evidence. 199 So. 3d at 203-04. In any event, the Alabama Court of Civil Appeals held that the instruction is proper under Alabama law. That holding upends Mr. Byrd's effort to argue that his attorney was ineffective for failing to object to the charge.

of evidence of arguments between Mr. Byrd and his wife and the absence of a financial benefit to Mr. Byrd because of his wife's death. (Doc. 16, pp. 6-7). The Court recognizes that the case against Mr. Byrd was based entirely on circumstantial evidence and, for purposes of this discussion, the Court accepts Mr. Byrd's contention that the State of Alabama did not present evidence regarding marital strife or a financial motive from which jurors could conclude, beyond a reasonable doubt, that Mr. Byrd intended to murder his wife.[4] Indeed, in his appeal from the order denying his Rule 32 petition, Mr. Byrd criticized his attorney for not calling witnesses "who would have testified that [Mr.] Byrd and his wife had a good relationship." (Doc. 8-4, p. 18).[5] The ACCA rejected Mr. Byrd's argument because he did not describe the witnesses' anticipated testimony, so his argument failed under Rule 32.6(b) of the Alabama Rules of Criminal Procedure. (Doc. 8-4, p. 18).

Balanced against the missing evidence is the evidence in the record. As the Magistrate Judge pointed out, in its opinion concerning Mr. Byrd's direct appeal

---

[4] In response to Mr. Byrd's motion for judgment of acquittal at the close of the State's evidence, the State argued that it had introduced evidence of "life insurance which is a pecuniary gain motive that the jury can consider." (Doc. 8-11, pp. 19-20, 24).

[5] During trial, outside of the presence of the jury, the State suggested that it might attempt to introduce Rule 404(b) evidence concerning scratches on Mrs. Byrd's face approximately two weeks before her death and other bruises or knots that Mrs. Byrd's co-workers observed. The discussion focused on whether remarks about the scratches in opening may have opened the door to Rule 404(b) evidence. (Doc. 8-9, pp. 20-22). Given this discussion, Mr. Byrd's attorneys may have made the strategic decision not to call witnesses who would testify that Mr. and Mrs. Byrd had a good relationship for fear of opening the door to the State's 404(b) evidence.

6

from his conviction, the ACCA described circumstantial evidence from which jurors could conclude that Mr. Byrd killed his wife. That evidence included "a number of inconsistent statements" that Mr. Byrd provided to investigators, (Doc. 8-1, p. 7), evidence that Mr. Byrd did not seem upset about his wife's death when he called 911, (Doc. 8-1, p. 7), and evidence that Mr. Byrd described eye movements and sounds that his wife made when he moved her body that the State's expert testified "may only occur up to five minutes after suffering [] fatal neurological trauma," (Doc. 8-1, pp. 2, 6), suggesting that Mr. Byrd moved Mrs. Byrd's body within minutes of the fatal shooting. The State's expert also testified that markings that he observed on Mrs. Byrd's body indicate that she struggled before she died. (Doc. 8-1, p. 6).

The evidence that the Magistrate Judge discussed is significant to Mr. Byrd's federal habeas petition because a federal district court must "presume state court findings [are] correct unless [it is] determined that the findings would result in a decision which was unreasonable in light of clear and convincing evidence." *See Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003); *see also,* 28 U.S.C. §§ 2254(d) & (e). In addition, the evidence supports a finding that Mrs. Byrd was murdered, so Mr. Byrd's complaints about his attorney's failure to object to a statement made by Mrs. Byrd's friend that Mrs. Byrd would not have committed suicide and his attorney's failure to move to exclude a reporter's statement, during her trial

testimony, that Mrs. Byrd was murdered fail under the *Strickland* test because Mr. Byrd cannot show "that there is a reasonable probability that, but for counsel's unprofessional errors," assuming for argument's sake that Mr. Byrd's attorney erred, "the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).[6]

For the most part, Mr. Byrd's objections repeat the allegations in his § 2254 habeas petition. (Doc. 16, pp. 17-28, 31-32). For example, he criticizes a question that his attorney asked the State's expert because the question was not "sound trial strategy." (Doc. 16, p. 20). He criticizes his attorney for failing to object to the State's expert's testimony that the markings on Mrs. Byrd's face indicated a struggle because he contends that the testimony is speculative. (Doc. 16, pp. 21, 25). The

---

[6] In his affidavit in support of Mr. Byrd's petition, Mr. Sogol accurately points out that the opinions expressed by Mrs. Byrd's friend and from the reporter that Mrs. Byrd was murdered concern "the ultimate issue" in Mr. Byrd's trial. (Doc. 16, pp. 40-41). But Mr. Byrd's attorney objected to the statement from the reporter, and the attorney's failure to object to Mrs. Byrd's friend's opinion must be viewed in the context of the entirety of the trial evidence. Over a series of objections from Mr. Byrd's attorneys, Deputy Sheriff James Cromer, the officer who responded to Mr. Byrd's 911 call, read from a statement that he recorded the day after Mrs. Byrd died. (Doc. 8-9, pp. 6-7). The statement included the following description of Mr. Byrd's reaction when Deputy Cromer found a rifle near a pool of blood a few feet from the edge of Mr. Byrd's driveway:

> [Mr. Byrd and Deputy Cromer] were on the concrete looking down and when they saw it, [Mr. Byrd] said, oh, my God, that's my rifle. [Deputy] Cromer asked if it was his. [Mr. Byrd] said, yes, that he keeps it in his bedroom under his bed along with a baseball bat. Then he explained someone has broken in my house and drug my wife out here and killed her.

(Doc. 8-9, p. 9). This evidence, like other evidence that the Court already has discussed, undermines Mr. Byrd's attempt to establish that his attorney's failure to object to Mrs. Byrd's friend's opinion creates a reasonable probability that, but for the omitted objection, the result of Mr. Byrd's trial would have been different.

8

challenge throughout is that Mr. Byrd has not demonstrated that the ACCA unreasonably applied *Strickland*'s deferential standard when it rejected his remaining claims. Therefore, the Court overrules Mr. Byrd's objections and denies claims 3(a)(3), 3(a)(6), 8-17, and 23-24.

Mr. Byrd argues that the Magistrate Judge did not recognize that the Rule 32 court denied his request for an evidentiary hearing so that he was deprived of the opportunity to "develop more specificity and facts as to his [ineffective assistance of counsel] claims." (Doc. 16, p. 31). As the ACCA and the Magistrate Judge explained, under Alabama's procedural rules, Mr. Byrd had to plead facts to support his Rule 32 petition to open the door to an evidentiary hearing.

> "Rule 32.6(b) requires that the *petition* itself disclose the *facts* relied upon in seeking relief." *Boyd v. State*, 746 So. 2d 364, 406 (Ala. Crim. App. 1999). In other words, it is not the pleading of a *conclusion* "which, if true, entitle[s] the petitioner to relief." *Lancaster v. State*, 638 So.2d 1370, 1373 (Ala. Crim. App. 1993). It is the allegation of *facts* in pleading which, if true, entitle a petitioner to relief. After *facts* are pleaded, which, if true, entitle the petitioner to relief, the petitioner is then entitled to an opportunity, as provided in Rule 32.9, Ala. R. Crim. P., to present evidence proving those *alleged facts*.

*Boyd v. State*, 913 So. 2d 1113, 1125 (Ala. Crim. App. 2003) (emphasis in *Boyd*).

As the Eleventh Circuit explained in *Powell v. Allen,*

> AEDPA limits our review to whether the state court's determination that [petitioner] failed to plead sufficient facts in his Rule 32 petition to support a claim of ineffective assistance of counsel was contrary to or an unreasonable application of Supreme Court precedent. Thus, we look only to the allegations in [petitioner's] Rule 32 petition and

9

whether those allegations sufficiently state a claim for ineffective assistance of counsel.[8]

> [8][Petitioner] has made additional allegations and submitted more evidence in support of his claim of ineffective assistance of counsel in his federal habeas petition. In accordance with AEDPA, however, we do not consider such supplemental allegations or evidence when reviewing the reasonableness of the state court's resolution of this claim, which was based on the allegations before it.

602 F.3d 1263, 1273 (11th Cir. 2010).

Having reviewed *de novo* the materials in the Court's electronic record, the Court adopts the Magistrate Judge's report and accepts his recommendation. Accordingly, the Court denies Mr. Byrd's claims for *habeas corpus* relief pursuant to 28 U.S.C. § 2254 and dismisses this matter. The Court denies a certificate of appealability. Mr. Byrd may request a certificate of appealability from the Eleventh Circuit Court of Appeals.

**DONE** and **ORDERED** this October 5, 2021.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE